# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CATHERINE REED, | |
| Plaintiff, | CIVIL ACTION NO. 3:CV-12-2515 |
| v. | (JUDGE CAPUTO) |
| ALLSTATE INSURANCE COMPANY, | |
| Defendant. | |

## MEMORANDUM

Presently before the Court is the Notice of Removal of Defendant Allstate Insurance Company. (Doc. 1.) Defendant alleges that this Court has exclusive jurisdiction over this action pursuant to 42 U.S.C. § 4072 and federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999).

Section 1446(b) provides, in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

28 U.S.C. § 1446(b). "'At a minimum, there must have been an initial pleading setting forth the claim for relief received by the defendant before a defendant may invoke this provision.'" *Coffey v. Grinley*, No. 10-366, 2010 WL 785639, at *1 (M.D. Pa. Feb. 26, 2010) (quoting *Gervel v. L & J Talent*, 805 F. Supp. 308, 308 (E.D. Pa. 1992)).

Defendant's Notice of Removal fails to satisfy the requirement of having an initial pleading filed before seeking removal. Defendant alleges that this matter was commenced by Plaintiff by the filing of a Writ of Summons in the Court of Common Pleas of Luzerne County, Pennsylvania on November 26, 2012. A Writ of Summons, without a complaint, does not state a case or controversy sufficient to satisfy the requirements of Article III of the

Constitution and statutes and rules establishing the federal court's jurisdiction. *Gervel*, 805 F. Supp. at 309 n. 4.

Additionally, Plaintiff's counsel's letter to Defendant identifying the nature of her claim is insufficient to establish jurisdiction over this action. According to Defendant:

> By nature of Plaintiff's Praecipe of Summons, the sole indication of Plaintiff's Writ against Allstate is the attached cover letter from Plaintiff's counsel stating: "Please take note that you have been sued in court by Ms. Catherine Reed for denying without good cause, and in bad faith, a claim for damages to property located at 87 Drinker Street, Bloomsburg, Pennsylvania arising from a flood which took place in September of 2011." Based upon the foregoing, Plaintiff is clearly making a claim for breach of contract as to a policy of a flood insurance.

(Doc. 1.) However, "letters from counsel cannot serve as a basis to establish jurisdiction." *McFarland v. Muse*, No. 05-1155, 2005 WL 2133672, at *1 (M.D. Pa. Sept. 1, 2005). Thus, because Defendant seeks removal of an action containing only a Writ of Summons, the case will be dismissed for lack of subject matter jurisdiction.

An appropriate order follows.

December 27, 2012  /s/ A. Richard Caputo
Date  A. Richard Caputo
United States District Judge

2